UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT LEE SHORTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-00099-JMS-MJD |
| ) | |
| IKE RANDOLPH Deputy Director of ) | |
| Religious and Volunteer Service, ) | |
| DAVID LIEBEL Director of Religious and ) | |
| Volunteer Service, ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Motion to Amend and Screening Amended Complaint**

**I.**

Now before the Court is the plaintiff's motion for leave to file an amended complaint. That motion [dkt. 16] is **granted.** The amended complaint [dkt. 15] is the operative complaint.

The amended complaint is now subject to the screening required by 28 U.S.C. § 1915A. This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)).

## II.

Like the original complaint, Robert Lee Shorter alleges in the amended complaint that while incarcerated at the Wabash Valley Correctional Facility, the defendants infringed upon his right to practice his religion in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc et seq. Specifically, Shorter requested and has been denied a Kosher diet which he believes is necessary to practice his Hebrew Israelite faith. Defendants Ike Randolph and David Liebel are allegedly responsible for denying Shorter's request. Shorter seeks injunctive relief and money. These claims shall proceed as amended.

Other claims shall be dismissed consistent with the following:

First, the amended complaint alleges that the denial of his Kosher diet violates the Equal Protection Clause because other inmates were provided a Kosher diet. He states that the kosher diet request was approved for other prisoners of both similar and different religious beliefs. "A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual." *Herro v. City of Milwaukee,* 44 F.3d 550, 552 (7th Cir. 1995) (internal quotation omitted). Simply receiving different or unfair treatment is not enough to raise an equal protection violation. *Huebschen v. Department of Health & Soc. Servs.*, 716 F.2d 1167, 1171 (7th Cir. 1983). Shorter has failed to allege that he was treated unfairly because of his membership in a particular class and therefore does not allege a viable equal protection claim. The Equal Protection Claim is dismissed.

Second, the amended complaint seeks compensatory damages in the amount of $25,000 from each defendant. This relief is not available. Without a physical injury, compensatory damages

are not available (because "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury," 42 U.S.C. § 1997e(e)).

Third, the plaintiff states that his claims are brought against the defendants in their individual and official capacities. Clarity on this issue is warranted.

The claim for injunctive relief under RLUIPA is necessarily against the defendants in their official capacities only. Damages against the defendants in their official capacities are barred by the state's sovereign immunity.

The individual capacity claims are limited to the First Amendment claims for money damages. As mentioned above, any claim for compensatory damages is dismissed. However, nominal or punitive damages may be available. In addition, RLUIPA does not create a cause of action against state employees in their personal capacity. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); *Nelson v. Miller*, 570 F.3d 868, 886–89 (7th Cir. 2009).

The defendants have appeared by counsel and shall have **through August 25, 2015,** in which to answer or otherwise respond to the amended complaint.

**IT IS SO ORDERED.**

Date: _08/05/2015_

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

ROBERT LEE SHORTER
108402
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only