**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

| | |
|---|---|
| ROBERT LEE SHORTER, )<br>)<br>                Plaintiff, )<br>)<br>          v.                 )<br>)<br>IKE RANDOLPH Deputy Director of  )<br>Religious and Volunteer Service,      )<br>DAVID LIEBEL Director of Religious and )<br>Volunteer Service,                     )<br>)<br>                Defendants.   )  | Case No. 2:15-cv-00099-JMS-MJD |

**Entry Granting Unopposed Motion for Summary Judgment
And Directing Entry of Final Judgment**

Plaintiff Robert Lee Shorter filed this civil action seeking a kosher diet and money damages. The defendants argue that after this case was filed, Shorter began getting the diet he requested and disavowed his request for damages. The defendants argue that because the claim for injunctive relief is moot, they are entitled to judgment as a matter of law. Shorter has not responded to the motion for summary judgment.

For the reasons explained below, the defendants' motion for summary judgment [dkt. 41] is **granted.**

**I. Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty*

1

*Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).

## II. Undisputed Facts

Shorter is currently incarcerated at Pendleton Correctional Facility. He filed his initial complaint on April 06, 2015, and amended his complaint on July 7, 2015. The alleged incidents occurred at the Wabash Valley Correctional Facility. Shorter is self-designated in Department of Correction records as a Hebrew Israelite and has been since October 17, 2013.

Shorter requested a religious accommodation in his diet and was denied. No religious accommodation was provided to Shorter because vegan meals available without a special accommodation met the requirements set out by Shorter.

Following an administrative appeal, Shorter was approved for a kosher diet in September 2015, began receiving the accommodation in November 2015, and is receiving it today.

Shorter does not seek any monetary relief in this action. Shorter testified at his deposition that he did not want money from either of the defendants. (Shorter Dep. 91:13- 15.) When probed further to determine what Shorter was seeking, having already received the kosher diet, Shorter responded that he wanted "[a]n injunction from them to stop denying me my kosher diet and provide me with my kosher diet." (Shorter Dep. 91:22-25; 92:1.) For final clarification, Shorter was asked if he wanted 1 dollar, a million dollars or any money whatsoever and he responded that

2

he did not. (Shorter Dep. 92:12-14.) Accordingly, the only remaining relief sought by the plaintiff is an injunction that he be allowed to eat a kosher diet and that it not be taken away for unjust cause. (Shorter Dep. 92: 15-19.)

A private settlement agreement now governs the provision of kosher diets in the Indiana Department of Correction. The agreement reached in *Witmer (formerly Willis), et al., v. Commissioner*, Cause No. 1:09-cv-815-JMS-DM, applies to:

> All prisoners confined within the Indiana Department of Correction, including the New Castle Correctional Facility, who have identified, or who will identify, themselves to the Indiana Department of Correction as requiring a kosher diet in order to properly exercise their religious beliefs and who have requested such a diet, or would request it if such a diet was available.

That agreement governs revocation of approved religious diets and limits the circumstances under which an offender may lose approval for a kosher diet to situations of abuse of the diet by non-use or conduct in conflict with the assertion of a sincerely held religious belief that the diet is required, such as eating off of the non-kosher main food line or buying non-kosher food from commissary. See dkt. 41-4 (*Witmer* settlement agreement); dkt. 41-5 (*Witmer* Order).

The settlement agreement in *Witmer* applies to Shorter's request for and approval of a kosher diet because he is a member of the class. Thus, the defendants are not free to simply cancel Shorter's diet. Absent any misconduct on Shorter's part, the diet will continue undisturbed.

### III. Discussion

The defendants argue that they are entitled to judgment as a matter of law because this case is moot. They explain that Shorter is receiving the kosher diet he requested and that diet cannot be taken away absent misconduct. Accordingly, there is no controversy for this Court to adjudicate. Shorter does not contradict the defendants' argument.

"A court's power to grant injunctive relief only survives if such relief is actually needed." *Nelson v. Miller*, 570 F.3d 868, 882–83 (7th Cir. 2009). In this case, Shorter has been given the diet he requested and there is no "cognizable danger of recurrent violation." *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953). The undisputed record reflects that Shorter's kosher diet will not be revoked absent Shorter's abuse of the diet by non-use or conduct in conflict with the assertion of a sincerely held religious belief that the diet is required. There is no basis to conclude that Shorter will be denied a kosher diet in the future. *Nelson,* 570 F.3d at 882-883 (affirming the district court's finding that plaintiff's claim for non-meat diet is moot).

"In an action seeking only injunctive relief . . . once the threat of the act sought to be enjoined dissipates, the suit must be dismissed as moot." *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006). Under these circumstances, Shorter's only claim for relief is moot, the defendants are entitled to summary judgment, and this action is dismissed with prejudice.

### IV. Conclusion

The motion for summary judgment [dkt. 41] is therefore **granted** and this action is dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/23/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

4

Distribution:

Nikki G. Ashmore
INDIANA ATTORNEY GENERAL
Nikki.Ashmore@atg.in.gov

David A. Arthur
OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov

ROBERT LEE SHORTER
108402
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064